[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Most of the facts of this case were discussed in the court's Memorandum on Defendant's Motion To Dismiss, dated July 26, 1993, which denied the motion.
The court finds that, at the time of his death, December 23, 1970, Peter Balko, Sr., solely owned certain trailers as stated in said Memorandum. These trailers were not included in the inventory of the assets of his estate, but would pass by operation of law to his widow and heirs.
When Anna Balko died on September 20, 1985, her interest in the trailers were not included in the inventory of the assets of her estate, but would pass by operation of law to her heirs — Peter Balko, Jr., and his sisters, Catherine Caselli and Barbara Koval. Each of these individuals in Anna Balko's will will receive one-third of her residency estate.
The court finds that after Peter Balko, Sr. died, checks made out to him as payee for the use of the trailers that he had owned came from U-Haul Company; which managed his trailers and other trailers owned by individuals and companies all over the United States. These checks were cashed by Peter Balko, Jr. The totals of these checks, by years, are contained in documents sent to Peter Balko for tax purposes as follows:
1973 — 1539.61 1974 — 338.31 1975 — 514.31 1976 — 763.91 1977 — 973.07 CT Page 7240 1978 — 1473.55 1979 — 723.31 1980 — 1374.71 1981 — 905.75 1982 — 891.58 1983 — 884.57 1984 — 1233.93 1985 — 908.23 1986 — 264.20 1987 — 55.33 1988 — 595.37 1989 — 95.86 1990 — 806.07 1991 — no information
Some time prior to 1991, Barbara Koval, as Executor of the will of Anna Balko, made inquiries about the trailers and was given the above information by U-Haul. Further, U-Haul advised her that "[t]he account has been transferred to the three beneficiaries. You will receive new contracts within the next two weeks. Your first fleet owner check will be mailed from Phoenix on October 18, 1991." This letter was dated October 3, 1991. Exhibits N, O an P in the file are agreements made between U-Haul and Catherine Shaw Caselli, dated September 1, 1991, carrying out the statements in the letter of October 3, 1991.
In their amended complaint filed on August 7, 1992, the plaintiffs Barbara Koval, Catherine Caselli and Barbara Koval as Executor of the will of Anna Balko, claimed against Peter Balko, Jr.:
 "1. MONETARY DAMAGES within the jurisdictional limits of the Superior Court.
 2. INJUNCTIVE RELIEF whereby the Court shall order that Peter Balko, Jr. shall account to the estate of Anna Balko, to Catherine Caselli and to Barbara Koval the amount, extent, value, nature, share and income received by or controlled by him or in his possession of all U-Haul/Arcoa, Inc. Fleet Owner Contracts in his possession or control from the date of his father's death to the date of a decision by the Court herein and to turn over to them all income and ownership of same to which the Plaintiffs are entitled."
CT Page 7241
The court finds as a fact that Peter Balko, Jr. appropriated into himself all the monies coming from U-Haul in the checks made out to Peter Balko, Sr. from the date of his father's death on December 23, 1970 until October 1991 when U-Haul stated in its letter of October 3, 1991 to Barbara Koval that the account "had been transferred to the three beneficiaries."
There is no information in the record as to what Peter Balko, Jr. received from U-Haul in 1971, 1972 and 1991. The total of the amounts by year stated above is $14,341.67. One-third of that amount is $4780.55, which is the share of each of the parties in the case.
The defendant also owes interest to each of the plaintiffs on her share of the amount due her which accumulated over the 18 years the defendant was taking the money which belonged to the individual plaintiffs. Legal interest set by § 37-1 (a) of the General Statutes is 8% per year. The average amount of the $4780.55 due each plaintiff over the 18 years is $2390.27. That amount times the 8% interest rate is $191.22 per year, and multiplied by the 18 years the defendant had the money is $3441.96. The court has to use the 18 year figure as no information is available as to what money accumulated in the year 1991.
The defendant owes each of the plaintiffs individually the principal amount of $4780.55 plus $3441.96 as interest or a total of $8222.51.
Judgment may enter for the plaintiff Barbara Koval to recover of the defendant Peter Balko, Jr. $8222.51, plus one-half of any costs due.
Judgment may also enter for the plaintiff Catherine Caselli to recover of the defendant Peter Balko, Jr. $8222.51 plus one-half of any costs due.
Thomas J. O'Sullivan Trial Referee